## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

DEANNE WILLIAMS,

     Plaintiff,

                                 Case No:

v.

                                 Hon.

GREAT LAKES WATER AUTHOIRTY
and GDI INTEGRATED FACILITY SERVICES,

     Defendants.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

     NOW COMES, Plaintiff, Deanne Williams (hereinafter "Williams"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants states as follows:

     1.     Plaintiff, is a resident of the City of Ecorse, County of Wayne and State of Michigan.

     2.     Defendant, Great Lakes Water Authority (hereinafter "GLWA"), is a

governmental entity duly authorized to operate in the County of Wayne and State of Michigan.

3.     Defendant, GDI Integrated Facility Services, (hereinafter "GDI") is duly authorized to do business in the Southeastern District of the State of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     In July of 2018, Defendant, GDI placed Plaintiff at Defendant, GLWA as a custodian.

9.     Shortly after Plaintiff started at GLWA she entered into a private relationship outside of work with GLWA authority employee, Tommy Strickland.

10.   On or about February 5, 2019, Plaintiff missed two phone calls from a number that she did not recognize.

11.   Shortly after the missed calls Plaintiff was bombarded with several incredibly inappropriate text messages of a sexual nature that were based on sex from the same number that she missed the calls from.

12.   After receiving the text messages, Plaintiff learned that the sender was GLWA security guard, Sativa Malu.

13.   The content of the text messages made it clear that Ms. Malu was enraged by Plaintiff's private relationship with Mr. Strickland.

14.   The harassing messages that Plaintiff received from Ms. Malu contained images of her kissing Mr. Strickland, along with insulting remarks toward Plaintiff, including mocking her for having a miscarriage.

15.   Ms. Malu concluded her irate texts to Plaintiff with "I will see you soon," which Plaintiff took as a threat based on the context of the angry messages, and Ms. Malu's position as a security guard which requires her to carry a firearm.

16.    Fearing for her safety, Plaintiff never responded to the threatening and harassing messages, and immediately informed her supervisor of the incident and filed a report with the Detroit Police.

17.   Plaintiff later learned that Mr. Strickland also received threatening text messages from Ms. Malu regarding his relationship with Plaintiff.

18.     On or about February 7, 2019, Plaintiff submitted a formal report of sexual harassment by Ms. Malu to GLWA.

19.     After Plaintiff complained of Ms. Malu's behavior, Plaintiff became the subject of constant rumors and discussion at GLWA.

20.     After Plaintiff filed the complaint, representatives from GLWA met with her to discuss the complaint, but Defendant GLWA refused to take remedial measures.

21.     Defendant GLWA informed Plaintiff that there would be an investigation regarding the text message incident.

22.     On or about February 16, 2019, without any previous write ups or disciplinary action against her, Plaintiff received a call from Defendant GDI's field manager, Mr. Mohamad Elzaghir, informing her that she was suspended without providing any explanation.

23.     On or about February 22, 2019, Plaintiff was terminated by GDI via a letter that she received in the mail.

24.     Plaintiff had no prior disciplinary issues, and she was hard and reliable worker.

25.     Rather than take Plaintiff's complaint against Ms. Malu seriously, Defendants decided to conduct a sham investigation into Ms. Malu's behavior, and then abruptly terminate Plaintiff in retaliation for her complaint.

26.     Upon information and belief, Ms. Malu is still employed by Defendant GLWA.

27.     On or about March 24, 2019, a high-level employee from GLWA called Plaintiff and informed her that he felt GLWA and GDI treated her incredibly unfairly, and he expressed that her termination was unfair and unwarranted.

28.     During the time period in question, Defendants were Plaintiff's co-employers and Plaintiff was their employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

29.     Moreover, Defendants, were responsible for all acts committed by their agents, representatives and employees within the scope of their employment.

30.     At all times relevant, Plaintiff was acting as an employee of Defendants, GLWA and GDI.

31.     Defendants, through their agents, representatives and employees, were predisposed to sexually harass and retaliate against Plaintiff for her complaints of harassment, and acted in accordance with that predisposition.

32.     Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

33.     On July 7, 2020, the EEOC issued a Right to Sue letter.

## <u>COUNT I</u>
## <u>SEXUAL HARASSMENT IN VIOLATION</u>

## OF TITLE VII-HOSTILE WORK ENVIRONMENT

34.     Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35.     Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors on the basis of her sex.

36.     Defendants created a hostile work environment for Plaintiff as a result of Plaintiff's sex.

37.     Defendants took adverse employment actions against Plaintiff by terminating her for complaining of harassment.

38.     Defendants had the knowledge that Plaintiff was being sexually harassed as well as the ability to take remedial measures to stop the sexual harassment, but failed/refused to do so.

39.     Defendants were Plaintiff's co-employers within Title VII.

40.     Plaintiff has been subjected to harassment and discriminatory treatment based upon her sex by Defendants its employees and agents.

41.     Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

      a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

b. Retaliating against employees who make complaints of discrimination and harassment; and

c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

42. Defendants owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

43. Defendants breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

b. Taking adverse employment action against Plaintiff due to her sex; and

c. Retaliating against Plaintiff for her complaints of sexual harassment.

44. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of the Defendants.

45. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

46. Because of the unlawful conduct of Defendants and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT AND DISCRIMINATION
## IN VIOLATION OF THE MICHIGAN ELLIOT-LARSON
## CIVIL RIGHTS ACT-HOSTILE WORK ENVIRONMENT

47.    Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors on the basis of her sex.

49.    Defendants created a hostile work environment for Plaintiff as a result of Plaintiff's sex.

50.    Defendants took adverse employment actions against Plaintiff by terminating her after she complained of harassment.

51.    Defendants had the knowledge that Plaintiff was being sexually harassed as well as the ability to take remedial measures to stop the sexual harassment, but failed/refused to do so.

52.    Defendants were Plaintiff's co-employers within the Michigan Elliott-

8

Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

53.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendants its employees and agents to the point where her status as an employee has been detrimentally affected.

54.     Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a.  Violating the laws against discrimination by engaging in sexual harassment in the workplace;

    b.  Retaliating against employees who make complaints of discrimination and harassment; and

    c.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

55.     Defendants owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

56.     Defendants breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a.  Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

    b.  Taking adverse employment action against Plaintiff due to her sex; and

    c.  Retaliating against Plaintiff for her complaints of sexual harassment.

57.     As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of the Defendants.

58.     Because of the unlawful conduct of Defendants and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

56.     Plaintiff incorporates by reference paragraphs 1 through 58 of the Complaint as though fully set forth herein.

57.     Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex.

58.     Plaintiff's sex was a factor in Defendants' employment decisions.

59.     Defendants were Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

60.     During the course of her employment with Defendants, Plaintiff was subjected to unwelcome sexual harassment creating a hostile work environment by

Defendants.

61.   The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

62.   Plaintiff complained to the appropriate representatives of Defendants, in accordance with Defendants' policies and procedures for reporting harassment and discrimination and complained that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment.

63.   Plaintiff was engaging in a protected activity when she complained of sex discrimination and sex harassment pursuant to Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

64.   In response to Plaintiff's complaint of sexual harassment and discrimination resulting in a hostile work environment, Defendant retaliated against Plaintiff and took adverse employment actions against Plaintiff.

65.   Defendants had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

66.   Despite having notice of the harassment, and conduct toward Plaintiff, Defendants failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for her complaints of harassment.

67.   The sexual harassment, and conduct by Defendants and Defendants'

failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

68.     Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

69.     As a proximate result of Defendants' retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: April 2, 2020

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Deanne Williams, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: April 2, 2020