UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNE WILLIAMS,

    Plaintiff,                                   Civil Action No. 20-CV-10860

vs.                                           HON. BERNARD A. FRIEDMAN

GDI INTEGRATED FACILITY SERVICES and
GREAT LAKES WATER AUTHORITY,

    Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS and DENYING DEFENDANT GREAT LAKES WATER AUTHORITY'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on plaintiff's motion to withdraw admissions [docket entry 19] and the motion of defendant Great Lakes Water Authority ("GLWA") for summary judgment [docket entry 18]. Response and reply briefs have been filed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reason stated below, the Court shall grant plaintiff's motion and deny defendant's motion.

This is a sex discrimination case. Plaintiff alleges that in 2018 defendant GDI Integrated Facility Services ("GDI") "placed [her] at Defendant GLWA as a custodian." Compl. ¶ 8. In February 2019, plaintiff received harassing and threatening text messages from a GLWA security guard. *Id.* ¶ 11-12. Plaintiff reported the harassment to GLWA, *id.* ¶ 18, and thereafter GDI retaliated against plaintiff by suspending and then discharging her. *Id.* ¶¶ 22-23. Plaintiff alleges that GLWA and GDI were her "co-employers." *Id.* ¶ 28. She asserts hostile work environment and retaliation claims against both defendants under Title VII and the Elliott-

Larsen Civil Rights Act.

Defendant GLWA seeks summary judgment on the grounds that it was not plaintiff's employer. GLWA argues that GDI is plaintiff's employer and that GDI assigned plaintiff to work at GLWA. To support this argument, GLWA points to admissions requests it sent to plaintiff's attorney by email on August 5, 2020, asking that plaintiff admit that GDI, not GLWA, hired her, set her wages and work schedule, paid her, and disciplined and terminated her, and that plaintiff has no documents showing that GLWA was ever her employer. These admissions requests were not answered within thirty days. Under Fed. R. Civ. P. 36, these matters are therefore deemed "conclusively established" unless the Court permits the admissions to be withdrawn or amended. Defendant GLWA relies exclusively on the unanswered admissions requests to establish the factual basis for its summary judgment motion.

In response, plaintiff seeks to withdraw the admissions on the grounds that her attorney was unaware that defendant had emailed him the admissions requests. Plaintiff's counsel indicates that he was surprised by defendant's summary judgment motion (and in particular the basis thereof) because he did not recall ever seeing any admissions requests. Upon investigation, plaintiff's counsel determined that the admissions requests had landed in his "junk email box" and therefore went undetected. Plaintiff asks that she be permitted to withdraw her admissions, that defendant's summary judgment motion be denied, and that the admissions requests be stricken because they were served by email without plaintiff's counsel's consent, as required by Fed. R. Civ. P. 5(b)(2).

Cases must be resolved on the merits, not by ambush or unfair advantage based on the opposing side's oversight. Fair resolution of cases also depends on the good will and

civility of counsel, who are meant to serve as dispassionate, level-headed buffers between the parties themselves and as trustworthy officers of the court.  In the present case, the current dispute could have been easily avoided if defense counsel had taken the simple step of contacting plaintiff's counsel when the thirty-day response period expired and asking when responses might be forthcoming.  Instead, defense counsel served him with GLWA's fifteen-page summary judgment motion (plus exhibits).  This set a line of dominos in motion: plaintiff's response (fifteen pages plus exhibits), defendant's reply (seven pages, plus exhibits), plaintiff's motion to withdraw admissions (fifteen pages plus exhibits), and defendant's response (eleven pages plus exhibits).  Presumably, counsel have better things to do with their time.  The Court absolutely does.  Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion to withdraw admissions is granted.

IT IS FURTHER ORDERED that if either party wishes to serve the other with discovery requests by email, the recipient's consent to being served in this manner must be obtained beforehand in writing, as required by Fed. R. Civ. P. 5(b)(2)(F).

IT IS FURTHER ORDERED that counsel for both parties review and commit to memory this Court's Administrative Order 09-AO-009, In re Civility Principles (E.D. Mich. Jan.

23, 2008), available at www.mied.uscourts.gov under the Attorneys tab.

                                        s/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
Dated:  November 9, 2020         SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan